## Pincus v. Wolf et ux.

*Wisler, Pearlstine, Talone & Gerber*, for plaintiff.
*Emler L. Menges*, for defendants.

FORREST, J., November 12, 1954.—We have before us five preliminary objections to an amended complaint which has been filed as a result of our sustaining six of the eight preliminary objections to the original complaint. The basis of all five of these objections is that the amended complaint is not sufficiently specific.

In his amended complaint plaintiff alleges that he is a practicing lawyer and a member of the Pennsylvania bar; that defendants orally engaged him to act as their attorney "in the acquisition of a certain tract of ground located in Horsham Township, Montgomery County, in setting up a legal entity for the purpose of building homes on the aforesaid tract, in negotiating with contractors and subcontractors in the aforesaid building operation, in negotiating with financial institutions for the purpose of borrowing moneys to carry on the aforesaid operation, for the purpose of acting as legal counsel to each of the defendants for any and all legal work which they might require"; that "the

compensation agreed upon by the defendants and the plaintiff for the latter's services was two percent (2%) of the gross sales price of each house constructed and sold"; that he has performed the contract for approximately two years, in that, inter alia, he ". . . (c) prepared and set up a corporate structure; (d) negotiated and prepared agreements with contractors and subcontractors; (e) negotiated with financial institutions and represented defendants at settlement of the financial loans; (h) negotiated with insurance companies on damages claimed by defendants; (n) prepared option for the acquisition of ground for defendants from one John Gartmeir; (o) traveled to Reading, Pennsylvania, for the purpose of obtaining more ground for defendants; (p) and generally acted as legal counsel for defendants and for their building operation."

The preliminary objections relate to five of the above specified subparagraphs of paragraph 6 of the amended complaint. They are as follows:

1. That paragraph 6(d) fails to specify the names and addresses of the contractors and subcontractors with whom plaintiff negotiated and prepared agreements;

2. That paragraph 6(e) fails to specify the names and addresses of financial institutions with whom plaintiff negotiated;

3. That paragraph 6(h) fails to specify the names and addresses of the insurance companies with whom plaintiff negotiated;

4. That paragraph 6(n) fails to state the site of the ground sought to be acquired from John Gartmeir, and his address, and the date of the option;

5. That paragraph 6(o) fails to state the date or dates when plaintiff traveled to Reading for the purpose as alleged. None of these objections is meritorious.

It was pointed out in Segal v. Berks Broadcasting Company, 39 Berks 121 (1946), cited in our former opinion in this case, that in an action by an attorney upon quantum meruit for professional services, an itemized statement of day-by-day services was unnecessary. Defendant here has not gone to that extreme, and it may be that if this were an action on quantum meruit, plaintiff would be required to set forth the details requested in the preliminary objections to the amended complaint if he were to be allowed to recover thereupon. However, this is an action on a general unilateral contract of professional representation at a fixed or unit price and quantum meruit is irrelevant. In our previous opinion in this case we said that one of the functions of pleading is the setting forth of the issues "with such particularity that defendants will be able to admit or deny the allegation intelligently, rather than blindly" but the pleadings should not be made the instrumentalities by which a plaintiff may be required to furnish minute details of performance in cases other than quantum meruit or quantum valebant. Plaintiff has generally set forth his activities in behalf of defendants within the scope of the alleged contract of employment and defendants are not entitled to more. Pa. R. C. P. 1019 (c) provides that:

"In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of such performance or occurrence shall be made specifically and with particularity."

As said in the commentary of Goodrich-Amran Civil Practice, section 1019(c)-1:

"In (certain) suits. . ., it would impose a severe burden upon the plaintiff to enumerate the details of his performance, and would unnecessarily enlarge the pleading. In almost every case, the defendant will

know the facts, and the reason behind his own refusal to pay the plaintiff's claim. He will know the extent to which the plaintiff may have failed to perform.

"As a practical matter, the defendant will gain very little from a detailed enumeration on the part of the plaintiff and will be obligated to admit all the allegations of performance, except those details which are the foundation of his defense."

Since it appears that the precise details of plaintiff's services are immaterial in this particular case, unless by reason of negligent or other improper conduct he has disentitled himself to compensation, we are of the opinion that plaintiff's amended complaint fulfills all of the requirements of the Rules of Civil Procedure and the defendant should now be required under Pa. R. C. P. 1019 (c) to specify the particulars whereby plaintiff is not entitled to recover under the contract as alleged.

Pleadings should not be made instruments for the harassment and exasperation of litigants, bringing the judicial process into disrepute, but should help to narrow the issues and apprise defendant of what he will be required to meet at trial. If defendants still believe themselves unable from the pleadings alone to make adequate preparations for trial they may resort to the Pennsylvania Rules of Civil Procedure governing depositions and discovery, rules 4001 et seq., as amended April 12, 1954, and effective July 1, 1954. Attention is directed particularly to Pa. R. C. P. 4007 (a), which is as follows:

"(a) Any party may take the testimony of any person, including a party, for the purpose of discovery by deposition upon oral examination or written interrogatories of the identity and whereabouts of witnesses. Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the

subject matter involved in the action and will *substantially aid in the preparation of the pleadings* or the preparation or trial of the .case." (Italics supplied).

Therefore, it is clear that defendants will not be prejudiced in the preparation of their answer now in preparation for trial if they are obliged to answer the amended complaint without additional detailed specifications therein. For the reasons set forth above, there is entered the following

### Order

And now, November 12, 1954, the preliminary objections to the amended complaint are overruled. Defendants are allowed 20 days from the date hereof within which to file an answer.